**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liaosheng Zhang, ) | No. CV-06-1181-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Honeywell International Inc., a Deleware ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

Pending before the Court are Defendant's Motion for a More Definite Statement (Dkt. #6) and Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion for a More Definite Statement (Dkt. #12).

BACKGROUND

On April 27, 2006, Plaintiff pro se, Liaosheng Zhang, filed a Complaint against Defendant, Honeywell International, Inc., alleging that Defendant, her former employer, violated her civil rights under 42 U.S.C. §§ 2000e et seq. ("Title VII") by discriminating against her on the basis of race, national origin, gender, disability, and age. On August 22, 2006, pursuant to Federal Rule of Civil Procedure 12(e), Defendant filed a Motion for a More Definite Statement requesting that Plaintiff amend her Complaint to specifically identify the claims she is bringing against Defendant and the circumstances underlying those

1  claims. Defendant claims a need for a more definite statement in order to frame a responsive
2  pleading to the Complaint.
3      After Defendant filed its Motion for a More Definite Statement, Plaintiff filed a
4  Notice that she would respond to Defendant's Motion for a More Definite Statement within
5  twenty days (Dkt. #9). Plaintiff then submitted a Detailed Statement By Defendant Request
6  (Dkt. #10). The Court construes this document as Plaintiff's Response to Defendant's Motion
7  for a More Definite Statement. Finally, Defendant filed a Reply in Support of its Motion for
8  a More Definite Statement or Alternatively a Motion to Strike Plaintiff's "Detailed
9  Statement." (Dkt. #12).

10  ## LEGAL STANDARD

11      The pleading requirements of Rule 8(a)(2) are minimal. The Rule requires "a short
12  and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.
13  8(a)(2); see Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Nevertheless, the pleading
14  must "set[ ] forth who is being sued, for what relief, and on what theory, with enough detail
15  to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). "[P]ro se
16  pleadings should be read more liberally than pleadings filed by attorneys, and even if the
17  complaint is unartfully pleaded, the court should try to discern a cause of action." Williams
18  v. Holiday Inn, 295 F.Supp.2d 27, 29 (D.D.C. 2003) (citing Haines v. Kerner, 404 U.S. 519,
19  520 (1972)); see Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (same).

20  ## DISCUSSION

21      In her Compliant, Plaintiff asserts a Title VII cause of action alleging that Defendant
22  discriminated against her on the basis of race, national origin, gender, disability, and age.
23  Defendant argues that Plaintiff's Complaint does not provide enough information about
24  Plaintiff's claims and the facts underlying those claims to allow Defendant to formulate a
25  responsive pleading.
26      Based on this lesser standard for pro se petitioners, the Complaint sufficiently states
27  a claim under Title VII. The Complaint alleges that plaintiff, a female, Asian woman of
28

- 2 -

1  Chinese national origin, who suffered from a disability **and age was subject to discrimination,**
2  **harassment, and a hostile work environment due to her gender, race, national origin,**
3  **disability, and age. Plaintiff also alleges that she was terminated** as a result of her gender,
4  race, national origin, disability, and age. In addition, Plaintiff alleges that after Plaintiff's
5  employment was terminated, Defendant refused to hire her because of her gender, race,
6  national origin, disability, age, and because of her opposition to Defendant's unlawful
7  employment practices. Further, Plaintiff asserts that she has satisfied all of the procedural
8  and administrative requirements set forth in Section 706 of Title VII, 42 U.S.C. § 2000e-5,
9  thus meeting the exhaustion requirement for a Title VII cause of action.

10       Pursuant to Fed.R.Civ.P. 12(e), a party may move for a more definite statement before
11 responding to the pleading when that pleading "is so vague or ambiguous that a party cannot
12 reasonably be required to frame a responsive pleading[.]" The motion is "'ordinarily
13 restricted to situations where a pleading suffers from unintelligibility rather than want of
14 detail, and if the requirements of the general rule as to pleadings are satisfied and the
15 opposing party is fairly notified of the nature of the claim such motion is inappropriate.'"
16 Sheffield v. Orius Corp., 211 F.R.D. 411, 414-15 (D.Or. 2002), quoting Tilley v. Allstate Ins.
17 Co., 40 F Supp 2d 809, 814 (S.D.W.Va. 1999); see also Resolution Trust Corp. v. Gershman,
18 829 F.Supp. 1095, 1103 (E.D.Mo. 1993) ("Rule 12(e) provides a remedy for unintelligible
19 pleadings; it is not intended to correct a claimed lack of detail.").

20       As described above, Plaintiff's Complaint gives adequate notice to Defendant as to the
21 claims being asserted against it under Title VII. As a result, Defendant's Motion for a More
22 Definite Statement is denied. Moreover, the Court construes Plaintiff's Detailed Statement
23 by Defendant Request as Plaintiff's Response to Defendant's Motion for a More Definite
24 Statement, not as an amended complaint as Defendant asserts. Thus, Defendant's Motion to
25 Strike Plaintiff's "Detailed Statement" is denied.

26       Pro se litigants are "entitled to notice of the complaint's deficiencies and an
27 opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245,
28

1  248 (9th Cir. 1995); see Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (same);
2  see also Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) ("We are very
3  cautious in approving a district court's decision to deny pro se litigants leave to amend.")
4  (citing Lucas, 66 F.3d at 248-49); Waters v. Young, 100 F.3d 1437, 1441 (9th Cir. 1996)
5  ("As a general matter, this court has long sought to ensure that pro se litigants do not
6  unwittingly fall victim to procedural requirements that they may, with some assistance from
7  the court, be able to satisfy.").

8  In her Complaint, Plaintiff asserts that she is entitled to relief under Title VII. Plaintiff
9  alleges that Defendant discriminated against her in a number of ways, including based on her
10 age. However, age discrimination is not covered under Title VII but, rather, is covered under
11 the Age Discrimination in Employment Act ("ADEA"). Thus, the Court will grant Plaintiff
12 30 days' leave to amend her complaint if she chooses.

13 **Accordingly,**

14 **IT IS ORDERED** that Defendant's Motion for a More Definite Statement (Dkt. #6)
15 is denied.

16 **IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Detailed
17 Statement (Dkt. #12) is denied.

18 **IT IS FURTHER ORDERED** that Defendant's request for oral argument is denied.

19 **IT IS FURTHER ORDERED** that Plaintiff is granted 30 days from the filing date
20 of this Order to amend her Complaint if she so chooses. If Plaintiff lodges an amended
21 complaint, the Clerk's Office is directed to file Plaintiff's Amended Complaint.

22 **IT IS FURTHER ORDERED** that Defendant shall file a responsive pleading within
23 twenty days of the filing of the Amended Complaint or, if Plaintiff does not file an amended
24 complaint, within forty-five days of the filing date of this Order.

25 DATED this 16th day of November, 2006.

26
27
28  _____
   Mary H. Murguia
   United States District Judge