**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liaosheng Zhang, ) | No. CV-06-1181-PHX-MHM |
| ) | No. CV-07-1790-PHX-MHM |
| Plaintiff, ) | (Consolidated) |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| Honeywell International, Inc., a Delaware ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Currently pending before the Court is the Defendant's Motion for Rule 11 Sanctions against the Plaintiff, who is proceeding *pro se*. The Defendant asserts that the Plaintiff has filed and refused to withdraw similar or identical claims against the Defendant in multiple fora. After consideration of the parties' briefing on the matter, the Court issues the following Order.

## I. Standard of Review

Rule 11 sanctions are warranted when a party files a lawsuit or motion that is frivolous, legally unreasonable, without factual foundation, or is otherwise brought for an improper purpose. Warren v.Guelker, 29 F.3d 1386, 1388 (9th Cir. 1994). Under the plain language of Rule 11, when one party seeks sanctions against another, the Court must determine whether any provisions of Rule 11 have been violated. Id. at 1389. If the Court determines that a sanction ought to be imposed, it is limited to what would be sufficient to deter repetition of the offending conduct. Id.; Fed. R. Civ. P. 11(c)(2).

1 Although Rule 11 applies to *pro se* plaintiffs, the Court is required to take into
2 consideration a plaintiff's *pro se* status when it determines whether the conduct at issue was
3 reasonable. Id. The Court will read *pro se* complaints liberally, "but they still may be
4 frivolous if filed in the face of previous dismissals involving the exact same parties under the
5 same legal theories." Id. at 1390 (quoting Kurkowski v. Volcker, 819 F.2d 201, 204 (8th Cir.
6 1987)). The Court may properly consider a party's *pro se* status in its sanctions inquiry, but
7 may not decline to impose any sanction if a violation has occurred solely because a plaintiff
8 is proceeding *pro se*. Simpson v. Lear Electronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1995).

## II.  Background

10 The facts of the case are set forth more fully in this Court's Order granting in part and
11 denying in part the Defendant's Partial Motion to Dismiss. Relevant here is the fact that the
12 Plaintiff commenced a lawsuit in this Court on April 27, 2006 (the "First Arizona Lawsuit").
13 The Plaintiff next filed a charge with the Department of Justice, Office of Special Counsel
14 (which appears to still be pending with the appellate body of the DOJ's Office of Special
15 Counsel). She then filed a second lawsuit against the Defendant in the United States District
16 Court for the Western District of Washington on June 21, 2007. The Washington lawsuit
17 was dismissed with prejudice for various reasons, including that some of the claims shared
18 a "common transactional nucleus of facts" with the earlier-filed First Arizona Lawsuit. Less
19 than two weeks after the Washington lawsuit was dismissed, the Plaintiff filed another
20 lawsuit in this Court (the "Second Arizona Lawsuit").

21 The Defendant argues that the four separate actions that the Plaintiff has instituted
22 assert "nearly *identical* causes of action," and that many of the claims are repetitious and
23 "wholly unwarranted by existing law." (Motion for Sanctions, Dkt. #14).

24 Although the Defendant seems to acknowledge that the Court holds *pro se* plaintiffs
25 to a more lenient standard than professional counsel, the Defendant argues that the Plaintiff
26 here is not the typical *pro se* plaintiff. The Defendant suggests that she is "a sophisticated
27 plaintiff who admits to conducting extensive research with regards to each of her legal
28

claims."¹ (Id.)  The Defendant requests that the Plaintiff pay its "reasonable attorney[s'] fees and costs that it has been forced to incur in responding to the duplicative and meritless claims" alleged in the Second Arizona Lawsuit.  (Id.)

### III.  Analysis

A.  The Plaintiff's Harassment/Hostile Work Environment Claim

The Defendant argues that the Plaintiff's claims for harassment/hostile work environment have already been dismissed, with prejudice, by this Court in the First Arizona Lawsuit.  The Defendant asserts that the Plaintiff has simply realleged her claims in the Second Arizona Lawsuit, using nearly identical language.

The Plaintiff responds that this claim is not intended to encompass the same conduct that was alleged with similar language in the First Arizona Lawsuit.  She argues that she is only claiming harassment (not a hostile work environment), and that the claim involves the Defendant "sending false employment verification" about the Plaintiff nationwide, and failing to rehire her for jobs for which she applied in 2006.  (Response to Motion for Sanctions, Dkt. #10).  The Plaintiff points out that the Federal Rules of Civil Procedure only require "a short and plain statement of the claim showing that the pleader is entitled to relief."  (Id.)  It is therefore difficult to determine precisely which conduct supports the Plaintiff's claims.

In light of the liberal reading given to the complaints of *pro se* plaintiffs, the Court gives the Plaintiff the benefit of the doubt that the later claim related to different conduct than the claim that this Court previously dismissed with prejudice.  Warren v.Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).  The Court therefore finds that this claim does not violate Rule 11, and sanctions are not merited on this basis.

B.  The Plaintiff's Breach of Contract Claim

---

¹The Court notes that, although the Defendant argues that the Plaintiff is "sophisticated" for the purposes of its Motion for Sanctions, it states *no fewer than eight times* in other documents that the Plaintiff's Complaint and other filings are largely unintelligible.

- 3 -

1  The Defendant asserts that the Plaintiff's breach of contract claim violates Rule 11 because it was dismissed, with prejudice, by the Western District of Washington. The Defendant points out that the Plaintiff used the exact same language in both cases, despite having "clear notice of the legal and factual deficiencies of her claim." (Motion for Sanctions, Dkt. #14).

The Plaintiff responds that the "Western District Court dismissed with prejudice because I went to the wrong court. I should follow the "first-to-file rule," not the resident rule. That is why I filed it in this court." (Response to Motion for Sanctions, Dkt. #10).

The Court notes that the Western District of Washington dismissed the Plaintiff's claim on the basis that it arose out of the "alleged lack of benefits provided to plaintiff after her employment with defendant Honeywell terminated." (Partial Motion to Dismiss, Dkt. #12, Exhibit 12). The court noted that the two lawsuits shared "a common nucleus of facts, and the same evidence would clearly be presented in the two actions." (Id.) Accordingly, the court concluded that "[i]t would be a complete waste of judicial resources for plaintiff's claim to proceed in this Court while the federal lawsuit in Arizona is pending." (Id.)

The Court finds it difficult to believe that the Plaintiff would interpret these statements as allowing her to file another suit for the same claims in the District of Arizona. In addition, the Western District of Washington gave the Plaintiff some warning that it viewed her overlapping lawsuits as intentionally filed to skirt the rules:

> Although the plaintiff alleges that she is asserting claims based on Title VII and the ADEA in the federal lawsuit in Arizona, plaintiff *cannot hide under 8 U.S.C. § 1182 to disguise the true nature of her claim* in this Court which involves similar facts and circumstances.

(Id.) (emphasis added). Accordingly, the Court finds that the Plaintiff's breach of contract claim in the Second Arizona Lawsuit has been filed in violation of Rule 11.

C.  The Plaintiff's Title VII, ADEA and ADA Claims

The Defendant argues that the Title VII, ADEA and ADA claims that the Plaintiff has alleged in the Second Arizona Lawsuit are the exact same causes of action asserted in the First Arizona Lawsuit, which violates Rule 11.

- 4 -

1       The Plaintiff responds that she filed a charge with the EEOC for conduct occurring
2 *after* she filed the First Arizona Lawsuit.  The EEOC issued the Plaintiff a Notice of Suit
3 Rights, prompting her to file the Second Arizona Lawsuit.  The claims in the Second Arizona
4 Lawsuit relate to the Defendant's conduct occurring in 2006 (namely, the failure to rehire the
5 Plaintiff for any of the jobs for which she applied).  The First Arizona Lawsuit, she argues,
6 relates to problems she had with the Defendant in 2005.

7       The Court finds the Plaintiff's explanation plausible.  Despite the fact that the two
8 complaints include identical language for very different alleged conduct, the Court gives the
9 Plaintiff the benefit of the doubt by assuming that she was merely attempting to cover her
10 bases by asserting multiple legal theories.  Accordingly, the Court concludes that the filing
11 of that claim did not violate Rule 11.

12 D.  Citizenship Status Discrimination Claim

13       The Defendant suggests that the Plaintiff may be attempting to assert a claim
14 for citizenship status discrimination.  Although she does not articulate a cause of action for
15 citizenship status discrimination, the Plaintiff's "repeated references to the H-1B visa
16 program and her alleged 'US worker' status [suggest] that she may be attempting to reallege
17 this cause of action in her Second Arizona Compliant [sic]."  (Motion for Sanctions, Dkt.
18 #14).  The Plaintiff does not respond to the Defendant's argument on this claim.

19       Construing the Complaint liberally in light of the Plaintiff's *pro se* status, the Court
20 does not find that the Plaintiff is attempting to assert an impermissible citizenship status
21 discrimination claim.  The Plaintiff appears to have "recycled" her statement of facts from
22 other similar actions, and perhaps attached it to the Complaint out of an abundance of
23 caution.  The Court cannot conclude that these factual references to the H-1B visa program
24 and "US worker" status amount to a violation of Rule 11.

25 IV.  Conclusion

26       The Court therefore holds that the Plaintiff did not violate Rule 11 by filing either her
27 claims for harassment, or those for violation of Title VII, ADEA or ADA.  Similarly, the
28 Plaintiff's references to the H-1B visa program and "US worker" status did not amount to

1  the filing of an impermissible claim in violation of Rule 11. The Plaintiff's breach of
2  contract claim, however, was filed in violation of Rule 11, in spite of the clear warning from
3  the Western District of Washington that it had been improperly filed once already.
4  Accordingly, the Court finds that awarding the Defendant $500 is an appropriate sanction to
5  deter future conduct by the Plaintiff in violation of Rule 11.

   Accordingly,

   **IT IS ORDERED** granting the Defendant's Motion for Rule 11 Sanctions in the amount of $500. (Dkt. #14, filed in CV07-1790).

   DATED this 20th day of June, 2008.

   _____
   Mary H. Murgula
   United States District Judge