**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liaosheng Zhang,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Honeywell International, Inc., a Delaware corporation,<br><br>　　　　　Defendant. | No. CV-06-1181-PHX-MHM<br>No. CV-07-1790-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court is the Defendant's Motion to Strike the Plaintiff's "First Set of Expert Witnesses List and Reports" on the basis that 1) the disclosure is facially deficient, 2) the individuals are not qualified experts, and 3) the topics are not proper subjects of expert testimony. (Dkt. #56). After considering the parties' submissions on the matter, the Court issues the following order.

### Disclosure of Expert Testimony

Rule 26(a)(2) requires that the disclosure of a party's experts be accompanied by a written report, prepared and signed by the witness, containing a complete statement of all of the expert's opinions and their reasons and bases. Fed. R. Civ. P. 26(a)(2). In addition, the reports must specify the data or information considered by the expert in forming the opinions, and must include any exhibits the expert will use. Id. Finally, the report must address the qualifications of the expert, including a list of publications authored in the preceding ten

1  years, the compensation paid for the expert's testimony, and a list of other cases in which the
2  witness has testified as an expert in the preceding four years. Id.

3  The Plaintiff's "First Set of Expert Witnesses List and Reports" admittedly does not
4  satisfy Rule 26(a)(2)'s requirements. If a party, without substantial justification, fails to
5  disclose information required by Rule 26(a), the party may not use the undisclosed
6  information unless the failure is harmless. Pierce v. CVS Pharmacy, Inc., No. CV06-823,
7  2007 WL 2725228, at *1 (D. Ariz. Sept. 17, 2007).

8  The Court notes that discovery deadlines in this case were extended after the
9  Defendant filed the current Motion to Strike, with discovery currently set to close by
10 December 18, 2008. (See Dkt.#64). Although the new discovery deadlines are silent as to
11 when the experts and reports must be disclosed, he previous deadlines provided for
12 disclosure three months prior to the close of discovery. (Dkt. #38). Accordingly, the Court
13 finds that the experts and reports ought to be disclosed three months prior to December 18,
14 2008 — i.e., September 18, 2008. In light of the prematurity of the disclosures, the Court
15 finds that the Rule 26(a)(2) deficiencies are largely harmless. It therefore grants the
16 Defendant's Motion to Strike, but does so *without prejudice* as to the Plaintiff's ability to
17 provide an appropriate list of expert witnesses and their reports on or before September 18,
18 2008.

19 The Court notes that it has very grave concerns about the Plaintiff's listed experts and
20 the subjects of testimony. Preliminarily, the Court points out that the Plaintiff may not serve
21 as her own expert witness in the case. In addition to the fact that the Plaintiff cannot
22 demonstrate that she is qualified to testify as an expert, acting in the role of "both Plaintiff
23 and advocate" would be "unfairly prejudicial, misleading and confusing to the jury." Kranis
24 v. Scott, 178 F. Supp. 2d 330, 333-34 (E.D.N.Y. 2002).

25 In addition, the Court notes that the Plaintiff's experts appear to be poised to present
26 opinion testimony on questions of law. This is impermissible. Pinal Creek Group v.
27 Newmont Mining Corp., 352 F. Supp. 2d 1037, 1043 (D. Ariz. 2005). "In addition to
28 prohibiting legal expert testimony which defines the governing law, courts have also

- 2 -

1 prohibited legal expert opinion which applies the law to the facts." Id. Expert testimony is
2 only allowed to "assist the trier of fact in understanding the evidence or determining a
3 disputed issue of fact." Id. at 1042. The legal conclusions that the Plaintiff seeks to present
4 through her experts' opinions are conclusions for the trier of fact to draw. Id. at 1043.

5 Furthermore, the one "report" the Plaintiff provided for her expert Dr. Narciso Macia
6 is woefully inadequate under Rule 26(a)(2). It contains very few of the required elements,
7 and appears on its face to be wholly irrelevant to the issues in the lawsuit.

8 Although the Court cannot definitively determine that there is *no* topic on which the
9 Plaintiff's listed experts may appropriately opine, the Plaintiff is strongly urged to reconsider
10 her choice of experts and topics of testimony in light of the Court's guidance.

11 Accordingly,

12 **IT IS ORDERED** granting the Defendant's Motion to Strike the Plaintiff's "First Set
13 of Expert Witnesses List and Reports." (Dkt. #56).

14 **IT IS FURTHER ORDERED** permitting the Plaintiff to refile an appropriate list of
15 experts and their reports, in accordance with Rule 26(a)(2), on or before September 18, 2008.

16 DATED this 27th day of June, 2008.

_____
Mary H. Murgula
United States District Judge