**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Liaosheng Zhang,<br><br>            Plaintiff,<br><br>vs.<br><br>Honeywell International, Inc.,<br><br>            Defendant. | No. CV-06-1181-PHX-MHM<br>No. CV-07-1790-PHX-MHM<br>(Consolidated)<br><br>**ORDER** |

    The Plaintiff, Liaosheng Zhang, has filed a Motion for Reconsideration of this Court's June 23, 2008 Order awarding sanctions against her, payable to the Defendant, in the amount of $500. (Dkt. # 75, 69). The Plaintiff seeks to reduce the amount of sanctions from $500 to $71.42. (Dkt. #75).

    Reconsideration is appropriate where: "(1) There are material differences in fact or law from that presented from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence; (2) There are new material facts that happened after the Court's decision; (3) There has been a change in the law that was decided or enacted after the Court's decision; or (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to t he Court before the Court's decision. Motorola Inc. v. J.B. Rogers Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003). The Plaintiff has failed to satisfy this standard.

1    The Plaintiff seems to misunderstand the nature of sanctions. The purpose is to "deter
2 repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ.
3 P. 11(c)(2). Although the sanction *may* consist of "some or all of the reasonable attorneys'
4 fees and expenses incurred as a direct result of the violation," it is not necessarily directly
5 tied to that figure. Id.  Here, in fact, the Court did not hold a hearing to determine what
6 expenses and fees were incurred as a direct result of the violation; the Court simply chose a
7 figure adequate to deter future violations in light of the Court's findings with respect to
8 previous violations. (Dkt. #69).

9    Furthermore, the Plaintiff's Motion for Reconsideration attaches as an Exhibit a
10 screen shot from the Department of Labor Certification Data Center. (Dkt. #75, Exhibit A).
11 The screen shot provides the "prevailing wage" for people of Japanese Alien Citizenship
12 with Ogletree, Deakins, Nash, Smoak and Stewart, P.C. (counsel for the Defendant in this
13 action) in Atlanta, Georgia in 2005. (Id.) The Plaintiff argues that the "prevailing wage"
14 paid to its Japanese Alien Citizen lawyers is $42,786 per year. (Dkt. #75). Because this
15 equates to an hourly wage of $20.57, according to the Plaintiff, that hourly wage should be
16 multiplied by the time that Honeywell's counsel spent responding to the Plaintiff's
17 duplicative filings. (Dkt. #75). Using the figure of 3.47 hours, the Plaintiff argues that the
18 appropriate sanctions against her should be $70.42. (Dkt. #75).

19    The Court declines to address the innumerable problems with using this data to
20 determine the appropriate amount of sanctions here. It is sufficient to note that the *wage*
21 earned by counsel for the Defendant is wholly irrelevant to the sanctions amount. Even if
22 the Court had based the sanctions directly on the fees and expenses incurred as a result of the
23 Plaintiff's violation — which it did not — the appropriate inquiry would be into the billable
24 rate charged to Defendant Honeywell by its counsel for the time spent responding to the
25 Plaintiff's duplicative filings. The Court is convinced that the billable rate exceeds the
26 $20.57 suggested by the Plaintiff. The Court declines to disturb its prior Order.
27 ///
28 ///

Accordingly,

**IT IS ORDERED** denying the Motion for Reconsideration. (Dkt. #75).

DATED this 7th day of July, 2008.

_____
Mary H. Murguia
United States District Judge