1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lioasheng Zhang, ) | No. CV-06-1181-PHX-MHM |
| ) | (consolidated with CV-07-1790-PHX-MHM) |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Honeywell International, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Currently pending before the Court are Plaintiff's Motion for Summary Judgement, (Dkt.#103.), and Defendant's Motion for Summary Judgment, (Dkt.#105.), and Motion to Strike, (Dkt.#111.). After reviewing the pleadings and determining oral argument unnecessary, the Court issues the following Order.

**I.  BACKGROUND**

Plaintiff was employed by Honeywell from 1998 through 2005 pursuant to her non-immigrant temporary H-1B visa. This action arises out of the expiration of Plaintiff's H-1B visa and the resulting termination of her work authorization. In her Complaint, Plaintiff attributes the termination of her employment to allegedly discriminatory acts based on her race, gender, national origin, age, and purported disability.

Plaintiff Zhang is a Chinese citizen. Sometime around 1990, Plaintiff came to the United States on an F2 Dependent Visa to visit her husband (whom Plaintiff subsequently divorced). Plaintiff next obtained an F1 Student Visa, which was apparently valid through May 1999.

Defendant Honeywell employed Plaintiff from 1998 through 2005. In April 1999, Honeywell sponsored Plaintiff for a three-year H-1B visa that was renewable once by the employer for an additional three-year term. Plaintiff's H-1B visa was valid through April 1, 2002; thereafter, Defendant exercised its three-year renewal option. The renewed H-1B visa was valid from April 2, 2002 through April 2, 2005.

On April 2, 2005, Zhang's H-1B Non-Immigrant Visa expired. Following Plaintiff's termination based on the expiration of her work authorization, Plaintiff applied for hundreds of positions with Honeywell, approximately one-hundred and twenty-nine positions are at issue in this litigation. On April 27, 2006, Plaintiff commenced the instant lawsuit. In that suit, Plaintiff alleged that she had been discriminated against based on her race, sex, national origin, age, and disability. Plaintiff also alleged that she was subjected to unlawful retaliation and harassment/hostile work environment. On July 31, 2007, this Court granted Defendant's partial motion to dismiss and dismissed Plaintiff's claims of retaliation and harassment/hostile work environment, with prejudice, because of Plaintiff's failure to exhaust her administrative remedies.

Plaintiff then filed a charge with the Department of Justice, Office of Special Counsel, Charge No. 197-8-186 dated October 23, 2006 ("OSC Charge"). In her OSC Charge, Plaintiff alleged that Defendant engaged in national origin discrimination, citizenship status discrimination and retaliation. On March 13, 2007, the OSC dismissed Plaintiff's OSC Charge. On June 11, 2007, Plaintiff appealed the OSC's dismissal to the Office of the Chief Administrative Hearing Officer ("OCAHO"). On August 7, 2007 OCAHO granted Defendant's partial motion to dismiss and dismissed all but Zhang's claims alleging citizenship status discrimination in hiring and acts of discrimination occurring after April 26, 2007.

1 | Plaintiff next commenced a lawsuit in the United States District Court for the Western District of Washington on June 21, 2007, Case No. CV-07-00964-RSM ("Washington Lawsuit"). In that case, Plaintiff alleged that Defendant Violated the American Competitiveness and Workforce Improvement Act and the H1B and L1 Visa Fraud and Abuse Prevention Act. Plaintiff also brought a breach of contract claim against Honeywell. On September 7, 2007, the Western District of Washington granted Defendant's motion to dismiss and dismissed, with prejudice, all of Plaintiff's claims.

Plaintiff commenced a second lawsuit in the United States District Court for the District of Arizona on September 19, 2007, Case No. CV-07-1790. The case was assigned to the Honorable Susan Bolton. On January 24, 2008, this Court consolidated the action before Judge Bolton with the instant litigation. (See CV-07-1790 at Dkt.#49.)

Furthermore, on June 20, 2008, this Court granted in part and denied in part Defendant's motion to dismiss, dismissing Plaintiff's breach of contract, citizenship status discrimination, and harassment/hostile work environment claims, with prejudice, while also limiting Plaintiff's retaliation claims to the time period between February 9, 2006 and December 6, 2006.

## II. LEGAL STANDARD

### A. Summary Judgment Standard

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." Diaz v. Eagle Produce Ltd. Partnership, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing United States v. Shumway, 199 F.3d 1093, 1103-04 (9th Cir. 1999).

The moving party bears the initial burden of establishing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001). Specifically, the moving party must present

1 | the basis for its motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. See, e.g., Nissan Fire & Marine Ins. Co. v. Fritz Co., 210 F.3d 1099, 1105 (9th Cir. 2000) ("A moving party may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence.") (citing Clark v. Coats & Clark, Inc., 929 F.2d 604, 609 (11th Cir. 1991) ("Even after Celotex it is never enough simply to state that the non-moving party cannot meet its burden at trial.")).

A material fact is one that might affect the outcome of the case under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In addition, a "genuine" issue means that a reasonable jury could find in favor of the non-moving party. Id.; Anheuser - Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 345 (9th Cir. 1995) (same).

If the moving party meets its burden with a properly supported motion for summary judgment, then the burden shifts to the non-moving party to present specific facts that show there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushia Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). The nonmovant may not rest on bare allegations or denials in his pleading, but must set forth specific facts, by affidavit or as otherwise provided by Rule 56, demonstrating a genuine issue for trial. Fed.R.Civ.P. 56(e); see Anderson, 477 U.S. at 248-50 (discussing Fed.R.Civ.P. 56(e) standard); see also Block v. City of Los Angeles, 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."). Conclusory allegations, unsupported by factual material, are insufficient to defeat summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

On summary judgment, the Court may not make credibility determinations or weigh conflicting evidence. Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). In addition, the Court must draw all reasonable inferences in favor of the nonmovant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002); Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995) (same). However, the mere existence of a scintilla of evidence

supporting the nonmovant's petition is insufficient; there must be enough evidence from which a trier of fact could reasonably find for the non-movant. Anderson, 477 U.S. at 251-52 ("[T]he inquiry . . . is . . . whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec., 475 U.S. at 586. The nonmovant has the burden of identifying with reasonable particularity the evidence that it believes precludes summary judgment. Anderson, 477 U.S. at 249; see Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1028-29 (9th Cir. 2001) (even if evidence in the record is later found to create a genuine issue of material fact, a district court may grant summary judgment if the opposing party's papers do not include or conveniently refer to that evidence); Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996) (a district court is not required to scour the record in search of a genuine issue of triable fact).

**B. The <u>McDonnell Douglas</u> Burden Shifting Framework**

In an employment discrimination case, unless there is direct evidence of discrimination presented by the plaintiff, the Court will generally apply the familiar burden shifting framework under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

The McDonnell Douglas analysis applies equally to claims brought under Title VII of the Civil Right Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), and The Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12102, et seq. See Aragon v. Republic Silver State Disposal Inc., 292 F.3d 654, 658 (9th Cir. 2002); Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1093 (9th Cir. 2003). Under the burden shifting framework, the employee must first establish a prima facie case of discrimination. If the employee has adequately established a presumption of discrimination, the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action. If the employer satisfies its burden, the employee must then prove that the reason advanced by the employer constitutes mere pretext. See Aragon v. Republic Silver State

Disposal, Inc., 292 F.3d 654, 659 (9th Cir. 2002); Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994).

### C. ADEA Claims Following Gross v. FBL Financial

In the context of claims brought under The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq, following the Supreme Court case of Gross v. FBL Financial Services, Inc., such claims are no longer controlled by the burden shifting approach as embodied by McDonnell Douglas. Compare Gross v. FBL Financial Services, Inc., 557 U.S. ___, U.S. LEXIS 3535, *13 (2009) ("This Court has never held that this burden-shifting framework applies to ADEA claims. And, we decline to do so now."); with Diaz v. Eagle Produce Ltd., 521 F.3d 1201, 1207 (9th Cir. 2008) (exemplifying the Ninth Circuit's previous approach to ADEA claims before Gross had been decided ). Instead, the Supreme Court imposed what appears to be a much stricter standard for federal age discrimination claims: "A plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." Id. at *19.

## III. DISCUSSION

### A. Discrimination On the Basis of Sex, Race, And National Origin

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff has essentially three different Title VII claims. First, Plaintiff alleges that she was terminated by Defendant based on her gender, racial background, and/or national origin. Second, Plaintiff alleges that she was not re-hired by Defendant for these discriminatory reasons. Third, Plaintiff alleges that inability to be re-hired was retaliatory.

In order for Plaintiff to meet her initial burden under McDonnell Douglas and establish a prima facie case of discriminatory or retaliatory termination, Plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for a particular position [or

performing his position satisfactorily]; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. See Aragon v. Republic Silver State Disposal Inc., 292 F.3d 654, 658 (9th Cir. 2002). Turning to Plaintiff's failure to hire claim, in order to make out a prima facie claim, Plaintiff must prove the following elements: (1) that she belongs to a protected class, (2) that she was qualified for the position, (3) that she was rejected despite her qualifications, and (4) the position remained open. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

If Plaintiff is able to make out a prima facie claim, the burden would then shift to Defendant to articulate a legitimate, non-discriminatory reason for its adverse employment action (either terminating Plaintiffs employment or refusing to re-hire her once she was let go). See Aragon., 292 F.3d at 659.

With respect to Plaintiff's Title VII discriminatory termination claim, even assuming arguendo that Plaintiff is capable of establishing the necessary prima facie elements, her claim would still fail. This is because Plaintiff's employment was terminated due to the expiration of her work authorization from the United States government. Pursuant to the Immigration and Nationality Act, it is unlawful for an employer to "continue to employ [an] alien in the United States knowing the alien is (or has become) an unauthorized alien with respect to such employment." See Immigration & Nationality Act ("INA") § 274A(2). The undisputed evidence shows that Plaintiff's authorization to work in the United States expired on April 2, 2005. Had Defendant continued to employ Plaintiff, it could have been subject to civil and criminal penalties. See 8 CFR § 274a(10)(b). Because continuing to employ Plaintiff would have violated applicable federal laws and regulations, Defendant clearly had a legitimate non-discriminatory reason for terminating Plaintiff. Furthermore, Plaintiff cannot point to a single specific actionable fact demonstrating that Defendant's legitimate non-discriminatory reason for terminating Plaintiff was a mere pretext for discrimination. Instead, Plaintiff offers nothing more than unsubstantiated allegations which are insufficient to overcome a motion for summary judgment.

With respect to Plaintiff's discriminatory failure to hire claim, to successfully make a prima facie case, Plaintiff must demonstrate (1) that she belongs to a protected class, (2) that she was qualified for the position, (3) that she was rejected despite her qualifications, and (4) the position remained open. In the instant case, Plaintiff has not submitted any admissible evidence that the Court could find in her pleadings that might tend to establish her qualifications for any specific open position. In addition, Plaintiff does not dispute Defendant's claim that approximately half of the 129 positions at issue were subsequently canceled by Honeywell and went unfilled. Because Plaintiff must establish that the positions she applied to remained open and Honeywell continued to seek qualified applicants following her rejection, Plaintiff cannot establish a prima facie case with regards to the canceled positions either. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000); Lesane v. Aloha Airlines, Inc., 226 Fed. Appx. 693 (9th Cir. 2007). The Court would be remiss if it failed to comment on the state of the record that Plaintiff has submitted at summary judgment. Simply put, Plaintiff's filings are in a state of total disarray. For example, the District of Arizona's Local Rules of Civil Procedure 7.2(e) state that a response brief shall be limited 17-pages in length unless otherwise permitted by the Court. In this case, Plaintiff filed a single responsive pleading that totaled nearly 1, 300-pages in length. (See Dkt.## 108-09.) Peppered throughout this pleading are various documents, some relevant, some not, some admissible, some not, along with Plaintiff's intermittent commentary on the merits of her case. Although the Court is mindful of Ms. Zhang's pro se status and the fact that she is not a native speaker of the English language, the Ninth Circuit has held that "it is not [the] task . . . of the district court, to scour the record in search of a genuine issue of triable fact. [The Court] rel[ies] on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting Richards v. Combined Ins. Co., 55 F.3d 247, 251 (7th Cir. 1995)).

Even assuming arguendo that Plaintiff was qualified for any of the positions that she applied for and which remained open, Defendant has articulated a legitimate non-

1  discriminatory reason for not re-hiring Plaintiff. Specifically, Defendant has offered
2  admissible evidence that it chose other more qualified applications. Title VII does not bar
3  employers from going beyond minimum qualifications and hiring an employee with superior
4  qualifications. See Fragante v. City and County of Honolulu, 888 F.2d 591, 598-99 (9th Cir.
5  1989), cert. denied, 494 U.S. 1081 (1990); Fernandez v. Wynn Oil Co., 653 F.2d 1273, 1276
6  (9th Cir. 1981). Nor does Title VII "stand for the proposition that a person in a protected
7  class . . . shall enjoy a position of advantage thereby when competing for a job against others
8  not similarly protected." Fragante, 888 F.3d at 598-99.

9  Lastly, even assuming that Defendant could not articulate a legitimate non-
10 discriminatory justification for not re-hiring Plaintiff, there is nothing in the record to suggest
11 that her failure to be hired was a pretext for impermissible discrimination based on Plaintiff's
12 gender, race and/or national origin. Nothing in the record would support such an inference.
13 In fact, the only discernable evidence of potential discrimination comes from the fact that
14 Plaintiff was not hired and that she happens to be of a certain gender, belong to a certain
15 racial group, and her country of origin is China. If there is any evidence suggesting that
16 these illegitimate factors were considered by Defendant when it reviewed Plaintiff's
17 application materials, that evidence has not been presented to the Court. See Keenan, 91 F.3d
18 at 1279.

19 With respect to Plaintiff's Title VII retaliation claim, in order to make out a prima
20 facie case of retaliation under Title VII for failure to hire, "an employee must show that: (1)
21 [s]he engaged in a protected activity; (2) [her] employer subjected [her] to an adverse
22 employment action; and (3) a causal link exists between the protected activity and the
23 adverse action." See Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000); see also Brooks
24 v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000). Plaintiff must produce evidence
25 from which a reasonable fact-finder could conclude that a causal connection exists between
26 the alleged protected activity and the employer's decision not to hire Plaintiff. See Cohen v.
27 Fred Meyer, 686 F.2d 793, 796 (9th Cir. 1982). Generally, in order to establish a prima facie
28 case of retaliation, a plaintiff must be able to show that the relevant decision maker was

1    aware that the plaintiff had engaged in protected activity. See Dowe v. Total Action Against
2    Poverty, 145 F.3d 653 (4th Cir. 1998); see also Robinson v. Adams, 847 F.2d 1315, 1316
3    (9th Cir. 1988) ("[a]n employer cannot intentionally discriminate against a job applicant
4    unless the employer knows the applicant's race"). Here, there is no evidence to suggest that
5    the relevant decision makers at Honeywell, i.e., those individuals who were making hiring
6    decisions for the open positions that Plaintiff had submitted an application, had any idea that
7    Plaintiff had engaged in protected activity by making a previous allegation of discrimination.
8    Indeed, Plaintiff even admitted as much in her deposition testimony, when she stated that she
9    took no steps to make any of the relevant decision makers at Honeywell (or anyone else
10   involved in the hiring process) aware of her EEOC complaint. (See DSOF, at ¶ 30.) Plaintiff
11   has therefore failed to establish a causal link between the protected activity and the allegedly
12   adverse action, and consequently, has failed to make a prima facie Title VII retaliation claim.

       In sum, Plaintiff cannot demonstrate that the termination of her employment or Defendant's refusal to re-hire her were predicated upon discrimination based on sex, race and/or national origin. For these reasons, Plaintiff's Title VII claims fail as a matter of law.

       The Court is cognizant of the fact that Plaintiff has brought this case pro se, and as such, she is unlikely to be familiar with the evidentiary requirements that she must meet at summary judgement. Likewise, as a pro se litigant Plaintiff seems to be unfamiliar with the Federal Rules of Evidence, and what constitutes admissible evidence under those rules. The Court is also cognizant of the fact that Plaintiff is a foreign national and English is not her first language. Nevertheless, the Court must abide by the law, and the law states that in order to withstand summary judgment and proceed to trial, Plaintiff must be capable of submitting something more substantial than her own declarations and statements of personal belief or opinion. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 922 (9th Cir. 2001) ("[Plaintiff's] conclusory allegations unsupported by factual data are insufficient to defeat [] Defendants' summary judgment motion.").

27   / / /
28

### B. Age Discrimination Under the ADEA

The Court has searched through the pleadings and is unable locate any evidence, admissible or otherwise, that would tend to support a finding that Plaintiff's age was the 'but-for' cause of her termination or her inability to secure new employment with Defendant. See Gross, U.S. LEXIS 3535, *19. As previously stated, Plaintiff was terminated due to the expiration of her H-1B Visa; moreover, the Court cannot locate any evidence to suggest that age was at all a factor in Plaintiff's various attempts to secure a new position with the company.

### C. Discrimination under the ADA

In order to establish a prima facie case of discrimination under the ADA, Plaintiff needs to show that (1) she is disabled under the Act; (2) she is qualified to perform essential functions of her job; and (3) that she suffered an adverse employment action because of her disability. See Sanders v. Arneson Prods., Inc., 91 F.3d 1351, 1353 (9th Cir. 1996). Under the ADA, a person is disabled only when they have (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such impairment; or (3) is regarded as having such an impairment. See 42 U.S.C. § 12102(2). Moreover, to qualify as disabled under the ADA, an "impairment's impact must be permanent or long term." Toyota Motor Mfg. Ky., Inc. v. Williams, 534 U.S. 184, 198 (2002). As Plaintiff, Ms. Zhang bears the burden of establishing that she has an actual disability within the meaning of the ADA. See Thorton v. McClatchy Newspapers, Inc., 261 F.3d 789, 794 (9th Cir. 2001). Here, Plaintiff has not presented the Court with any medical evidence—whether it be in the form of deposition, affidavit or otherwise—to support a claim of disability. The Court is not even sure of the precise nature of her disability claim: throughout her filings Plaintiff references an October 2004 car accident (which is also sometimes referred to by Plaintiff as an October 2005 accident), and also states that her doctors may believe that she is afflicted with cancer along with various other physical ailments. The Court has searched through the pleadings and must conclude that there is no evidentiary basis to support Plaintiff's claim that the aforementioned car accident rendered her disabled within the meaning of the ADA.

Specifically, it is not at all clear how the accident substantially limited one or more major life activities: the scope of the injuries suffered by Plaintiff are not clearly documented in any of her court filings and Plaintiff has not explained what effect, if any, the purported injuries had on her daily life. Similarly, there is absolutely no medical evidence in the record to support Plaintiff's claim that she "may" have been diagnosed with cancer.

**IV.    CONCLUSION**

To ultimately succeed in this lawsuit, Plaintiff Liaosheng Zhang must prove that her previous employer Honeywell terminated her employment and subsequently refused to re-hire her because of her sex, race, national origin, age, and/or disability. Based on the evidence that has presented to the Court, no reasonable jury could make that finding. Therefore, Plaintiff's claims must be dismissed.

It is important for the Court note that federal discrimination law requires only that an employer not discriminate against an employee because of the employee's sex, race, national origin, age, and/or disability. The law does not ask whether Ms. Zhang was treated unfairly by her former employer, and it does not provide a remedy if she was. See Odima v. Westin Tucson Hotel Co., 991 F.2d 595, 602 (9th Cri. 1993) ("The district court must not substitute its own judgment about whether the employment decisions were wise, or even fair, for that of the employer.") To the extent Ms. Zhang has other unresolved grievances with Honeywell related to Honeywell's visa practices, those issues are beyond the scope of this litigation and are not actionable under either Title VII, the ADEA, or the ADA.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for Summary Judgement. (Dkt.#103.)

**IT IS FURTHER ORDERED** granting Defendant's Motion for Summary Judgment. (Dkt.#105.)

/ / /

**IT IS FURTHER ORDERED** denying as moot Defendant's Motion to Strike. (Dkt.#111.)

**IT IS FURTHER ORDERED** directing the clerk to enter judgment accordingly.

DATED this 28th day of September, 2009.

_____
Mary H. Murguia
United States District Judge