IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lioasheng Zhang,<br><br>    Plaintiff,<br><br>vs.<br><br>Honeywell International, Inc.,<br><br>    Defendant. | No. CV-06-1181-PHX-MHM<br>    CV-07-1790-PHX-MHM)<br><br>(CONSOLIDATED)<br><br>**ORDER** |

Currently pending before the Court is Defendant Honeywell International, Inc.'s Motion for Attorney's Fees, (Dkt.#116), and Supplemental Motion for Attorney's Fees, (Dkt.#127). After reviewing the relevant pleadings associated with this matter, the Court issues the following Order.

On September 29, 2009, this Court issued an Order granting Summary Judgment in favor of Defendant Honeywell as to Plaintiff Liosheng Zhang's myriad sex, race, national origin, age, and/or disability discrimination claims. (See Dkt.#114). As the Court noted in its Summary Judgment Order, all of Ms. Zhang's claims were utterly lacking in legal merit. Indeed, the Court noted that a closer look at Ms. Zhang's filings revealed that her grievances with Honeywell were actually related, not to claims of discrimination, but to Honeywell's allegedly improper use of United States H1-B visas. Of course, Ms. Zhang's visa grievances are not legally cognizable, which is precisely what a district court in the Western District of Washington told Ms. Zhang in earlier case, Case No. CV-07-00964-RSM, and what this

Court stated in its Summary Judgment Order. (See Dkt.# 114, p. 12) ("[t]o the extent Ms. Zhang has other unresolved grievances with Honeywell related to Honeywell's visa practices, those issues are beyond the scope of this litigation and are not actionable under either Title VII, the ADEA, or the ADA").

The Court will not once again go through the tedious history of this litigation. It is enough to note that Honeywell considers Ms. Zhang, a former employee, to be a serial and bad faith pro se litigator who has aggressively pursued frivolous claims against Honeywell that have no basis in law or fact. Honeywell further notes that the Court previously sanctioned Ms. Zhang under Rule 11 of the Federal Rules of Civil Procedure for her bad faith litigation tactics in this lawsuit. (See Dkt.#69).

In its Motion for Attorney's Fees, Honeywell contends that while it has rarely if ever sought a fee award after successfully defending itself in an employment discrimination suit, this case presents exceptions circumstances. See Barry v. Fowler, 902 F.2d 770, 773 (9th Cir. 1980) ("Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances."). Honeywell argues that Ms. Zhang is not a typical litigant who incorrectly, albeit reasonably, alleges discrimination or retaliation. Honeywell notes that Ms. Zhang has doggedly pursued her allegations in every conceivable venue, court and tribunal in numerous jurisdictions. Despite finding no success in multiple forums, Ms. Zhang continued to push forward on a multiplicity of lawsuits against Honeywell, all of which resulted in tremendous waste of resources and time. Honeywell notes that in this case alone it has spent over $226,000.00 in attorney's fees and related costs. Having sat through multiple discovery dispute hearings and having read through Ms. Zhang's disjointed 1,300-page brief filed in opposition to Honeywell's 17-page Motion for Summary Judgement, the Court has no reason to doubt the accuracy of Honeywell's legal fees. Accordingly, Honeywell has requested that the Court award it attorney's fees against Ms. Zhang totaling $56,700.00, which it argues represents approximately a quarter of the total costs incurred by Honeywell in defending this suit.

Under Title VII, the Court, in its discretion, "may allow the prevailing party . . . a reasonable attorney's fees (including expert fees) as part of the costs . . . ." 42 U.S.C. 2000e-5(k). In Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978), the Supreme Court promulgated the standards to guide the Court when determining whether to award a prevailing defendant attorney's fees:

> [A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.
>
> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

Id. The standard under Christiansburg has been expanded to include actions brought under the ADA. See Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2001) (applying the Christiansburg standard to the attorneys' fee provision of the ADA).

Furthermore, while the ADEA does not provide for attorney's fees for a prevailing defendant, an award of attorney's fees may be warranted as a sanction under the district court's inherent power or 28 U.S.C. § 1927. This is because the district court retains the inherent power to order an award of fees "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-59 (1975) (quotation omitted). Attorney's fees may also be awarded on Ms. Zhang's long dismissed breach of contract claim pursuant to A.R.S. § 12-341.01(A).

The Court understands Honeywell's obvious frustration with having to continuously defend lawsuits brought by Ms. Zhang. At the same time, the Supreme Court has admonished courts that an award of attorney's fees against a civil rights plaintiff is exceedingly rare and reserved for cases where "the plaintiff's action was frivolous, unreasonable, or without foundation." See Christiansburg Garment Co., 434 U.S. at 412. After reviewing the record

1    in this case, the Court is of the firm opinion that Ms. Zhang's discrimination claims fall
2    squarely within the Supreme Court's <u>Christiansburg</u> standard. However, the Court is of a
3    similarly firm opinion that it cannot award the full amount of fees requested by
4    Honeywell—which exceeds $56,000.00—without producing a manifestly unjust result.

5    There are several factors that counsel the Court against a full award of fees in this
6    case. First, although Ms. Zhang is a somewhat sophisticated pro se litigant in the sense that
7    she understands the basic workings of civil litigation and knows how to initiate and respond
8    in rudimentary fashion to civil motions and discovery, she is not a native English language
9    speaker and her pleadings in this case have been mostly unintelligible. The Court also
10   questions her ability to fully grasp the legal principles that underlie her Title VII, ADA, and
11   ADEA claims. Next, because the financial resources of the plaintiff must be considered
12   when awarding fees" <u>Miller v. Los Angeles County Bd. of Educ.</u>, 827 F.2d 617, 621 (9th Cir.
13   1987), the Court is concerned that a fee award of such magnitude would constitute a
14   significant financial hardship on Ms. Zhang relative to her modest financial status. In
15   addition, the Court believes that Ms. Zhang may be deterred from filing related frivolous
16   lawsuits against Honeywell through the imposition of a smaller fee award.

17   For these reasons, the Court will exercise its discretion and award Honeywell with
18   attorney's fees and costs totaling $10,000.00 (Ten-Thousand Dollars), which the Court
19   believes is fair and adequate under the circumstances.

20   **Accordingly,**

21   **IT IS HEREBY ORDERED** granting Defendant Honeywell International, Inc.'s
22   Motion for Attorney's Fees and Supplemental Motion for Attorney's Fees. (Dkt.##116, 127).
23   / / /

**IT IS FURTHER ORDERED** that Plaintiff Lioasheng Zhang is directed to pay Defendant Honeywell International, Inc. its attorney's fees and costs totaling $10,000.00 (Ten-Thousand Dollars).

DATED this 17th day of May, 2010.

_____
Mary H. Murguia
United States District Judge